UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-164-MOC-DCK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| HARLEY KATHRYN MCMANUS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 29). The Government opposes Defendant's motion. (Doc. No. 32). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny her motion.

I.  **Background**

In May of 2020, a federal grand jury indicted Defendant and charged her with (1) conspiracy to distribute and possess with intent to distribute at least 500 grams of a methamphetamine mixture, 21 U.S.C. § 846; (2) possessing with intent to distribute at least 50 grams of actual methamphetamine, 21 U.S.C. § 841; and (3) possessing a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c). (Doc. No. 1). Defendant entered into a plea agreement with the United States and pleaded guilty to the drug trafficking offenses. (Doc. Nos. 12, 14). In her plea agreement, Defendant stipulated that 168.42 grams of actual methamphetamine and more than 16,952 grams of methamphetamine mixture were reasonably foreseeable to her. (Doc. No. 12 ¶ 8(a)).

The probation office submitted a presentence report concluding that the Sentencing

1

Guidelines advised a sentence of between 210 and 262 months in prison based on a total offense level of 35 and a criminal history category of III. (Doc. No. 19 ¶ 94). Defendant was assessed four criminal history points related to her prior convictions. (Id. ¶ 60). Although Defendant committed the instant offense while on probation, (Doc. No. 20 at 2), the probation office did not assess two additional criminal history points for committing an offense while under a criminal justice sentence. (Doc. No. 19 ¶ 61).

This Court sentenced Defendant to a downward variance term of 120 months imprisonment. (Doc. No. 26 at 2). Defendant now asks the Court to reduce her sentence under Amendment 821 of the Sentencing Guidelines.

II.     **Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district

2

court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

Defendant is not eligible for a sentence reduction under Amendment 821. The probation office did not assess the Defendant any criminal history points for committing the instant offense while under a criminal justice sentence. Because application of Amendment 821 does not alter Defendant's guideline range, she is not eligible for sentence reduction under 18 U.S.C. § 3582(c)(2). The Court will therefore deny Defendant's motion.

3

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 29) is **DENIED**.

Signed: January 23, 2024

Max O. Cogburn Jr
United States District Judge